Chawntavia WATKINS,
et al., Plaintiffs,

v.

Paul VANCE, et al., Defendants.

No. CIV.A. 98–3081(PLF).

United States District Court,
District of Columbia.

Aug. 5, 2004.

---

See, also, 2004 WL 1763922, 328 F.Supp.2d 27.

**25**

Donna Lee Wulkan, Washington, DC, for Plaintiffs.

Barbara A. Miller, Birch, Horton, Bittner & Cherot, Edward P. Taptich, Nancy S. Schultz, Robert C. Utiger, Scott Michael Leighton, Cary D. Pollak, Office Of Corporation Counsel, Washington, DC, Laurie Pouzzner McManus, Arlington, VA, for Defendants.

*MEMORANDUM OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court for further consideration of Plaintiffs' Third Motion for Interim Attorneys' Fees filed in connection with counsel's efforts in prosecuting the claims of a number of plaintiffs. Upon consideration of plaintiffs' supplemental submission and the Court's prior opinions and orders issued in this matter, the Court will grant plaintiffs relief as delineated below.

## I. BACKGROUND

Plaintiffs filed this action on December 18, 1998 under the Civil Rights Act, 42 U.S.C. § 1983, to enforce their rights under the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* On September 20, 2000, the Court granted in part and denied in part plaintiffs' third motion for attorneys' fees and costs relating to plaintiffs' counsel's prosecution of this matter. Specifically, the Court granted the motion insofar as the Court found that plaintiffs are prevailing parties in this matter and that the hours expended by plaintiffs' attorneys were reasonable. *See* Memorandum Opinion and Order of September 20, 2000 at 3. The Court denied the motion insofar as (1) the hourly rate for Patricia Julianelle was not reasonable under the *Laffey* matrix in light of the Court's Memorandum Opinion and Order of March 31, 2000 ("March 31 Memorandum Opinion"); and (2) counsel had failed to provide the Court with information sufficient enough to determine whether the rates requested for "MDL" and "JA" are reasonable. *See id.* The Court ordered plaintiffs to file supplemental briefs addressing these two issues, which brief plaintiffs filed. Defendants did not respond to plaintiffs' supplemental brief.

## II. DISCUSSION

### A. *Evaluation of Attorneys' Fees Petitions*

The Court previously has set forth the appropriate analytical framework for determining the award of attorneys' fees and costs in cases like this one. *See Blackman v. District of Columbia,* 59 F.Supp.2d 37, 42–44 (D.D.C.1999). To recover reasonable attorneys' fees, plaintiffs must first demonstrate that they each of them is a prevailing party in the litigation. *See id.* at 40–41. The Court then must

determine whether the fees sought are reasonable by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"—the so-called "lodestar" fee. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).[1] In this case, defendants do not contest that plaintiffs are prevailing parties, and the Court's review of the motion and related filings confirm that in fact plaintiffs did prevail in this matter.

On the issue of reasonableness, plaintiffs must submit supporting documentation with the motion for attorneys' fees, providing sufficient detail so that the Court can determine *"with a high degree of certainty"* that the hours billed were actually and reasonably expended, that the hourly rate charged was reasonable, and that the matter was appropriately staffed to do the work required efficiently and without duplicative billing. *In re Olson,* 884 F.2d 1415, 1428–29 (D.C.Cir.1989) (emphasis in original). *See also Hensley v. Eckerhart,* 461 U.S. at 433, 103 S.Ct. 1933; *Covington v. District of Columbia,* 57 F.3d 1101, 1107 (D.C.Cir.1995). At a minimum, a fee applicant must provide some information about the attorneys' billing practices and hourly rate, the attorneys' skill and experience (including the number of years that counsel has practiced law), the nature of counsel's practice as it relates to this kind of litigation and the prevailing market rates in the relevant community. *See Covington v. District of Columbia,* 57 F.3d at 1107.[2]

Once the plaintiff has provided such information, there is a presumption that the number of hours billed and the hourly rate are reasonable, and the burden shifts to the defendants to rebut plaintiff's showing of reasonable hours and reasonable hourly rates for attorneys of this skill level and experience for this kind of case. "[I]n the normal case the Government must either accede to the applicant's requested rate or provide *specific contrary evidence* tending to show that a lower rate would be appropriate." *Covington v. District of Columbia,* 57 F.3d at 1109–10 (quoting *Nat'l Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1326 (D.C.Cir.1982)) (emphasis added).

### B. *Plaintiffs' Remaining Fee Petitions*

In its March 31, 2000 Memorandum Opinion, the Court determined that "the maximum fee that an attorney of Ms. Julianelle's experience should receive is ... $160 per hour from June 1, 1999 to May 31, 2000." Memorandum Opinion and Order of March 31, 2000 at 4. In response to the Court's later September 20, 2000 Order, plaintiffs have submitted with their supplemental brief a revised invoice of Ms. Julianelle's work that reflects this adjusted rate. *See* Plaintiffs' Supplemental Memorandum Regarding Plaintiffs' Third Motion for Interim Attorneys' Fees ("Pls.' Supp."), Attach. 1, Plaintiffs' Revised Invoice Regarding Joshua McMillan; and Attach. 2, Plaintiff's Revised Invoice for PI–Attorneys' Fees. The Court finds this new schedule adequately addresses the Court's

---

1. After calculating the lodestar figure, in some cases the Court in its discretion may adjust the fee upward or downward based on other considerations, especially the degree of success that plaintiff had in prevailing on his or her claim. *See Farrar v. Hobby,* 506 U.S. 103, 114–15, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

2. The prevailing market rate can be determined by reference to the so-called *Laffey* matrix. *See Laffey v. Northwest Airlines, Inc.,* 572 F.Supp. 354 (D.D.C.1983), *rev'd on other grounds,* 746 F.2d 4 (D.C.Cir.1984). If the hourly rate requested is above what is allowed by the *Laffey* matrix, the rate will be reduced to the maximum hourly rate provided by the matrix.

previous concerns regarding Ms. Julianelle's hourly billing rate.

Plaintiffs also have provided materials in support of their claims for fees for the efforts of "MDL," or Maria D. Luciano. According to the materials, Ms. Luciano is a paralegal who received her paralegal degree from Antioch School of Law in 1997 and has been employed in the Law Offices of Donna L. Wulkan since 1996. The Law Office generally bills for Ms. Luciano's work at $75.00 per hour, and submitted an invoice reflecting this rate. *See* Pls.' Supp., Attach. 3, Sworn Affidavit of Maria D. Luciano at 1.[3] In light of Ms. Luciano's position and experience as documented in plaintiffs' submission, the Court concludes that $75.00 is a reasonable rate to charge for her work.

Finally, the Court considers the materials provided by plaintiffs in support of their fee application with respect to "JA," or Jamie L.A. Rodriguez. Ms. Rodriguez is a second year associate with the Law Offices of Donna Wulkan who has worked on "dozens" of special education cases in the District of Columbia and Maryland, and is a member in good standing of the Bars of the District of Columbia and Maryland. Pls.' Supp., Attach. 4, Sworn Affidavit of Jamie L.A. Rodriguez at 1. As reflected in the invoice submitted, Ms. Rodriguez's efforts in September 1999 through January 2000 were billed at a rate of $125.00, a rate below the permissible rate provided for in the *Laffey* Matrix. *See* Laffey Matrix 1992–2003 (providing rate of $165.00 for attorneys with one to three years of experience). In light of Ms. Rodriquez's position and experience as documented in plaintiffs' submission, the Court concludes that $125.00 is a reasonable rate to charge for her work.

3. The Court notes that the *Laffey* matrix provides that Ms. Luciano could have been billed as high as $90.00 per hour for her efforts between June 1, 1999 and May 30, 2000. *See*

Because the Court previously concluded that plaintiffs are prevailing parties and that the hours expended by plaintiffs' attorneys' were reasonable, in light of the foregoing the Court will order defendants to pay the amounts requested by plaintiffs pursuant to the invoices submitted with plaintiffs' supplemental brief. Accordingly, it is hereby

ORDERED that defendants shall pay plaintiffs in attorneys' fees in the amount of $8582.50 on or before September 3, 2004. If this amount is not paid on or before September 3, 2004, it will bear interest at the rate established by 28 U.S.C. § 1961 from September 4, 2004.

SO ORDERED.

Laffey Matrix 1992–2003, *available at* http://www.usdoj.gov/usao/dc /Divisions/Civil_Division/Laffey_Matrix_2.html.